UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| JOHN EAGAN II and<br>ENYIAZUBUIKE EHIEMERE,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>PROGRESSIVE CASUALTY INS. CO.<br><br>*Defendant.* | § § § § § § § § § § § § § § § | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiffs John Eagan II and Enyiuzubuike Ehiemere bring this action individually and on behalf of all current and former Claims Generalist Associates (hereinafter "Plaintiffs and the Putative Class Members") who worked for Progressive Casualty Ins. Co. ("Progressive" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and the Michigan Workforce Opportunity Wage Act, MICH. COMP. LAWS ANN. § 408.411, *et seq*. ("WOWA" or "Michigan Act").

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Michigan state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Michigan, and FED. R. CIV. P. 23, to recover unpaid overtime wages and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those persons who worked for Progressive as Claims Generalist Associates who assisted with the process of receiving and processing claims under Progressive insurance policies, whose job titles include, but are not limited to General Claims Representatives, Fire and Theft Representatives, and Manager Repair Representatives, anywhere in the United States, at any time during the relevant statutes of limitation, through the final disposition of this matter, and have not been paid any overtime in violation of state and federal law.

3. Although Plaintiffs and the Putative Class Members routinely work (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Progressive not to pay overtime compensation to Plaintiffs and the Putative Class Members was neither reasonable nor in good faith.

5. During the relevant time period, Progressive knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek on a routine and regular basis during the relevant time periods.

6. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Michigan law.

7. Progressive knowingly and deliberately misclassified Plaintiffs and the Putative Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Michigan Act as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiffs Eagan and Ehiemere designated herein be named as the Class Representatives for the Michigan Class.

## II.
## THE PARTIES

11. Plaintiff John Eagan II ("Eagan") has been employed by Progressive in Michigan during the relevant time period. Plaintiff Eagan did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Enyiazubuike Ehiemere ("Ehiemere") has been employed by Progressive in Michigan during the relevant time period. Plaintiff Ehiemere did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13. The FLSA Collective Members are those persons who worked for Progressive as salaried Claims Generalist Associates who assisted with the process of receiving and processing claims

---

[1] The written consent of John Eagan II is attached hereto as Exhibit "A."

[2] The written consent of Enyiazubuike Ehiemere is attached hereto as Exhibit "B."

under Progressive insurance policies, whose job titles include but are not limited to General Claims Representatives, Fire and Theft Representatives, and Manager Repair Representatives, anywhere in the United States, and at any time from December 15, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

14. The Michigan Class Members are those current and former Claims Generalist Associates who were employed by Progressive in Michigan, at any time from December 15, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15. Defendant Progressive Casualty Ins. Co. is a domestic for-profit corporation, licensed to do business in the state of Ohio. Progressive Casualty Ins. Co. may be served at: **6300 Wilson Mills Road, Mayfield Village, Ohio 44143.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional WOWA claims pursuant to 28 U.S.C. § 1367.

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has personal jurisdiction over Progressive because the cause of action arose within this district as a result of Progressive's conduct within this District and Division.

20. Venue is proper in the Northern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Progressive's corporate headquarters are located in Mayfield Village, Cuyahoga County, Ohio which is located within this District and Division.

22. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23. Defendant Progressive Casualty Ins. Co. is one of the largest providers of insurance in the United States.[3]

24. To provide its services, Progressive employed (and continues to employ) numerous employees—including Plaintiffs and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

25. Plaintiff Eagan has been employed by Progressive in Plymouth, Michigan since July of 2014.

26. Plaintiff Eagan has held several different job titles at different points during his career with Progressive such as Fire & Theft Representative and Manager Repair Representative.

27. Plaintiff Ehiemere has been employed by Progressive in Detroit, Michigan since July of 2014.

28. Plaintiff Ehiemere has worked as a Manager Repair Representative throughout his career with Progressive.

29. Plaintiffs and the Putative Class Members are (or were) **_non-exempt_** Claims Generalist Associates employed by Progressive during the relevant time-period.

30. Importantly, none of the FLSA exemptions relieving a covered employer (such as Progressive) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

---

[3] https://www.progressive.com/about/.

31. Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Progressive resulting in the complained of FLSA and WOWA violations.

32. Plaintiffs and the Putative Class Members were all paid a salary but no overtime.

33. Plaintiffs and the Putative Class Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Progressive.

34. Specifically, Plaintiffs and the Putative Class Members complete repair estimates, complete loss evaluations, communicate with customers, assess insured property that has been damaged, determine the time and cost involved in repairs or replacement, and generally create and maintain documentation of the repair process.

35. Plaintiffs and the Putative Class Members all perform the same primary duties nationwide regardless of their specific job title or location.

36. They are uniformly trained by Progressive, and all abide by the same policies and procedures, regardless of their specific job title or location.

37. Plaintiffs and the Putative Class Members complete their work within designed parameters and in accordance with pre-determined plans created by Progressive.

38. Plaintiffs and the Putative Class Members are not permitted to deviate from these parameters or plans and do not exercise discretion and independent judgment with respect to matters of significance.

39. Specifically, Plaintiffs and the Putative Class Members must follow and apply Progressive's well-established procedures for processing insurance claims.

40. Furthermore, each decision by Plaintiffs and the Putative Class Members related to processing insurance claims must be reviewed and approved by supervisors before they become final.

41. Plaintiffs and the Putative Class Members do not perform work that is directly related to the management of general business operations of Progressive.

42. Instead, Plaintiffs and the Putative Class Members perform work directly related to the production side of Progressive's business—that is, they process claims made by Progressive's customers.

43. Plaintiffs and the Putative Class Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

44. Plaintiffs and the Putative Class Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

45. Plaintiffs and the Putative Class Members are not responsible for setting schedules or rates of pay.

46. Plaintiffs and the Putative Class Members cannot deviate from Progressive's requirements or instructions without permission.

47. Plaintiffs and the Putative Class Members typically worked approximately fifty (50) to sixty (60) hours per week.

48. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

49. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

50. Progressive denied Plaintiffs and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

51. Plaintiffs and the Putative Class Members are non-exempt employees under the FLSA.

52. Although it is well-known that production-side workers like Plaintiffs and the Putative Class Members are **_not_** exempt from overtime, Progressive did not pay Plaintiffs and the Putative

Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

53. Progressive applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiffs and the Putative Class Members consisted of **_non-exempt_** work.

54. Because Progressive did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Progressive's pay policies and practices violate the FLSA.

55. Because Progressive did not pay Plaintiffs and the Michigan Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Progressive's pay policies and practices violate WOWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

56. Paragraphs 1–55 are fully incorporated herein.

57. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER CLAIMS GENERALIST ASSOCIATES WHO WORKED FOR PROGRESSIVE CASUALTY INS. CO., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 15, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

58. At all times hereinafter mentioned, Progressive has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Progressive has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Progressive has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. Specifically, Progressive operates numerous office sites across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

62. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Progressive, these individuals provided services for Progressive that involved interstate commerce for purposes of the FLSA.

63. In performing the operations described above, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt Claims Generalist Associates who assisted Progressive's customers and employees throughout the United States. 29 U.S.C. § 203(j).

65. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

66. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Progressive.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

68. Progressive violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

69. Moreover, Progressive knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

70. Indeed, Progressive has been on notice that it has misclassified the Plaintiffs and Putative Class Members as exempt employees since at least 2012 because of numerous lawsuits all alleging individuals with the same or similar job titles as the Plaintiffs and Putative Class Members were misclassified. *See Carlone v. Progressive Casualty Insurance Co.*, C.A. No. 3:12-CV-00207 (D. Conn. 2012); *Bubel v. Progressive Casualty Insurance Co.*, C.A. No. 3:14-CV-00162 (D. Conn. 2014); *Celli et al. v. Progressive Casualty Insurance Co.*, C.A. No. 2:17-CV-01144 (E.D.N.Y. 2017).

71. Progressive knew or should have known their pay practices were in violation of the FLSA.

72. Progressive is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

73. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Progressive to pay them according to the law.

74. The decision and practice by Progressive to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

75. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  COLLECTIVE ACTION ALLEGATIONS**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Progressive's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

78. Other similarly situated employees of Progressive have been victimized by Progressive's patterns, practices, and policies, which are in willful violation of the FLSA.

79. The FLSA Collective Members are defined in Paragraph 57.

80. Progressive's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and

practices of Progressive's, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

81. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

82. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

83. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

84. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Progressive will retain the proceeds of its violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

87. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of WOWA)**

**A.     WOWA COVERAGE**

88. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

89. The Michigan Class is defined as:

**ALL CURRENT AND FORMER CLAIMS GENERALIST ASSOCIATES WHO WORKED FOR PROGRESSIVE CASUALTY INS. CO., ANYWHERE IN THE STATE OF MICHIGAN, AT ANY TIME FROM DECEMBER 15, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Michigan Class" or "Michigan Class Members")**

90. At all times hereinafter mentioned, Progressive has been an "employer" within the meaning of WOWA. *See* MICH. COMP. LAWS ANN. § 408.412(d).

91. At all times hereinafter mentioned, Plaintiffs and the Michigan Class Members have been "employees" within the meaning of WOWA. *See* MICH. COMP. LAWS ANN § 408.412(c).

92. Plaintiffs and the Michigan Class Members were or have been employed by Progressive and have been covered employees entitled to the protections of WOWA and were not exempt from the protections of the WOWA.

93. The employer, Progressive, is not exempt from paying overtime benefits under WOWA.

**B. FAILURE TO PAY OVERTIME IN ACCORDANCE WITH WOWA**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. WOWA requires that employees, including Plaintiffs and the Michigan Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* MICH. COMP. LAWS ANN § 408.414a.

96. Plaintiffs and the Michigan Class Members were or have been employed by Progressive and have been covered employees entitled to the protections of WOWA.

97. Progressive is an employer covered by the requirements set forth in WOWA.

98. Plaintiffs and the Michigan Class Members are not exempt from receiving the overtime benefits under WOWA. MICH. COMP. LAWS ANN § 408.414a(4).

99. Plaintiffs and the Michigan Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Progressive violated WOWA by failing to pay

them overtime compensation for those hours worked in excess of forty (40) in a workweek.

100. Indeed, Plaintiffs and the Michigan Class Members were not paid any overtime compensation because Progressive misclassified them as exempt employees.

101. Plaintiffs and the Michigan Class Members have suffered damages and continue to suffer damages as a result of Progressive' acts or omissions as described herein; though Progressive is in possession and control of necessary documents and information from which Michigan Class Members would be able to precisely calculate damages.

102. In violating WOWA, Progressive acted willfully, without a good faith basis, and with reckless disregard of applicable Michigan law.

103. Progressive is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Progressive is also liable for an amount equal Plaintiffs and the Michigan Class Members unpaid wages as liquidated damages. *See* MICH. COMP. LAWS ANN § 408. 419(a).

104. The proposed class of employees, i.e. putative class members sought to be certified pursuant to WOWA, is defined in Paragraph 89.

105. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Progressive.

**C.     WOWA CLASS ALLEGATIONS**

106. All previous paragraphs are incorporated as though fully set forth herein.

107. Plaintiffs and the Michigan Class Members bring their WOWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Progressive to work in Michigan since December 15, 2018.

108. Class action treatment of Plaintiffs and the Michigan Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

109. The number of Michigan Class Members is so numerous that joinder of all class members is impracticable.

110. Plaintiffs are members of the Michigan Class and their claims are typical of the claims of the other Michigan Class Members, and they have no interests that are antagonistic to or in conflict with the interests of the other class members.

111. Plaintiffs and their counsel will fairly and adequately represent the Michigan Class Members and their interests.

112. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

113. Accordingly, the Michigan Class should be certified as defined in Paragraph 89.

## VI.
## RELIEF SOUGHT

114. Plaintiffs respectfully pray for judgment against Progressive as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 57 and requiring Progressive to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Progressive liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order certifying the Michigan Class as defined in Paragraph 89 and designating Plaintiffs as the Class Representatives of the Michigan Class.

    e.  For an Order pursuant to WOWA awarding the Michigan Class Members all damages allowed by law;

    f.  For an Order awarding the costs of this action;

    g.  For an Order awarding attorneys' fees;

    h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i.  For an Order awarding Plaintiffs a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of Progressive, at Progressive's expense; and

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 15, 2021         Respectfully submitted,

By:    /s/ *Robert E. DeRose*
       **Robert E. DeRose** (OH Bar No. 005214)
       bderose@barkanmeizlish.com
       **BARKAN MEIZLISH DEROSE COX, LLP**
       4200 Regent Street, Suite 210
       Columbus, Ohio 43219
       Telephone: (614) 221-4221
       Facsimile: (614) 744-2300

By:    /s/ *Clif Alexander*
       **Clif Alexander** (application *pro hac vice* forthcoming*)*
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson** (application *pro hac vice* forthcoming)
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **ANDERSON ALEXANDER, PLLC**
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

By:    /s/ *Jennifer McManus*
       **Jennifer McManus** (P65976)
       (application *pro hac vice* forthcoming)
       **FAGAN MCMANUS, P.C.**
       25892 Woodward Avenue
       Royal Oak, Michigan
       (248) 542-6300
       jmcmanus@faganlaw.com

       ***Counsel for Plaintiffs and the Putative Class Members***