UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EAGAN II, *et al.*, Individually and on behalf of all others similarly situated *Plaintiffs*, v. PROGRESSIVE CASUALTY INS. CO. *Defendant.* | § § § § § § § § § § § § | Civil Action No. 1:21-cv-02348-JG |

### [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSAL OF LAWSUIT WITH PREJUDICE

After a review of Plaintiffs' Unopposed Motion for Approval of Settlement, the Settlement Agreement and Release ("Settlement Agreement"), and the Declaration of Collective Counsel, the Court is satisfied that the settlement reached is a "fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 216.

It is therefore this __29__ day of __June__, 2023 Ordered and Adjudged as Follows:

1. The Settlement Agreement is APPROVED, including, but not limited to, the Service Award payments in the amount of $5,000.00 to each Collective Representative, for a total of $15,000.00, the Collective Counsel Payment of $_700,000.00, Settlement Administrator's fees and expenses estimated not to exceed $10,000.00, and the Notice of Collective Action Settlement and notice process.

2. That for sole purposes of settlement, an FLSA collective action is further certified, consisting of the following:

ALL INDIVIDUALS WHO WERE EMPLOYED BY DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY ("PROGRESSIVE") AS A SALARIED MANAGED REPAIR REPRESENTATIVE AND/OR CLAIMS GENERALIST ASSOCIATE AT ANY TIME FROM APRIL 5, 2019, THROUGH SEPTEMBER 30, 2022, WHO ARE NOT A PARTY TO AN ARBITRATION AGREEMENT WITH PROGRESSIVE, AND WHO HAVE PREVIOUSLY FILED A CONSENT TO JOIN THIS LAWSUIT THAT WAS NOT SUBSEQUENTLY WITHDRAWN.

IT IS FURTHER ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement;

- ILYM Group, Inc., will serve as Settlement Administrator in providing notice and administration services pursuant to the Settlement Agreement, and is hereby authorized to establish a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1;

- Collective Representative John Eagan, II, Mark Farrell, and Ryan Mikalsen are appointed as the representatives for the Litigation Collective; and

- Collective Counsel (Anderson Alexander, PLLC (including Clif Alexander and Austin W. Anderson) and Fagan McManus, P.C. (including Jennifer McManus), and Barkan Meizlish DeRose Cox, LLP (including Robert DeRose) are approved as Collective Counsel for the Litigation Collective.

IT IS FURTHER ORDERED that the form and content of the Notice of Collective Action Settlement attached to the Settlement Agreement is adequate, proper, comports with Due Process, and is hereby approved and authorized for distribution to Collective Members;

IT IS FURTHER ORDERED that Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, moderate extensions of time that do not alter effective dates, approval of minor changes to Settlement Administration Expenses, and minor changes to other exhibits that they jointly agree are reasonable or necessary.

IT IS FURTHER ORDERED that this case be and is DISMISSED <u>with</u> Prejudice and <u>without</u> any award of attorney fees or costs, except as provided in the approved Settlement Agreement. This Court will maintain jurisdiction over the administration of the Settlement Agreement.

Hon. James S. Gwin
United States District Court Judge